**IN THE COURT OF APPEALS OF IOWA**

No. 21-0391
Filed August 4, 2021

**IN THE INTEREST OF J.D.,**
**Minor Child,**

**N.P., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Mandy L. Whiddon of Whiddon Law, Omaha, Nebraska, for appellant

mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena and Diane

Murphy Smith, Assistant Attorneys General, for appellee State.

Tricia Scheinost, Council Bluffs, attorney and guardian ad litem for minor

child.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

A mother appeals the termination of her parental rights to her child, J.D. On appeal, she challenges the statutory grounds authorizing termination and argues the Iowa Department of Humans Services (DHS) did not make reasonable efforts toward reunification. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The mother challenges the statutory grounds. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2020). When, as here, the court terminates based on multiple statutory grounds, we may affirm based on any ground satisfied. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). We choose to address paragraph (h), which authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

J.D. was born in December 2018, making her three years of age or younger. The juvenile court adjudicated her a child in need of assistance pursuant to section 232.2(6)(c)(2) and (n). J.D. was removed from the mother's physical custody in September 2019 and has not returned to her care since removal, satisfying the third element.

The fourth element is also satisfied because J.D. could not be safely returned to the mother's care at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020) (explaining the fourth element of paragraph (h) is satisfied when the child cannot safely return to the parent's care). The mother's methamphetamine use, which caused DHS's initial involvement with this family, is still a concern. She missed ten of nineteen drug tests offered, and we presume the missed tests would have been positive for illegal substances.[1] *See In re D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020) ("We presume these missed drug tests would have resulted in positive tests."); *In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App.

---

[1] The mother missed an additional drug test because she had been exposed to someone who was positive for COVID-19, which we understand and do not consider.

Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,' i.e., they would have been positive for illegal substances."). "A parent's methamphetamine use, in itself, creates a dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. Also, the mother has an abusive relationship with the father. For example, a few months before the termination hearing, the father reported to police that the mother had hit him in the face and then backed into him with a car. While the mother denied hitting him with the car, she admitted punching him. Either way, exposure to this sort of domestic violence would be harmful to J.D. *Cf. In re L.C.-M.*, No. 20-1661, 2021 WL 140072, at *2 (Iowa Ct. App. Apr. 14, 2021); *In re B.S.*, No. 20-1463, 2021 WL 609093, at *1 (Iowa Ct. App. Feb. 17, 2021); *T.S.*, 868 N.W.2d at 435. And the mother has not completed recommended programming to address her issues with domestic violence. So J.D. cannot safely return to the mother's care.

But the mother claims DHS failed to make reasonable efforts toward reunification by not providing her with adequate parenting classes. "[W]e consider any reasonable-efforts challenge when determining whether the State established the statutory grounds authorizing termination." *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). While DHS must make reasonable efforts toward reunification, "we expect parents to alert the court of the alleged deficiencies prior to the termination hearing." *Id.* (collecting cases).

> This requirement allows the court to take corrective action early on so that the case does not languish on and permanency can be reached within a reasonable time for the child[]. Doing so obviates the need for additional time to address service deficiencies only

identified at the termination hearing when a family is on the precipice
of termination.

*Id.* Here, the mother never alerted the juvenile court to any alleged deficiencies at the termination hearing, much less prior to the hearing as required.[2] So her claim is not preserved for our consideration.

We conclude a statutory ground for termination is satisfied. Because the mother does not challenge the juvenile court's best-interest determination or contend a section 232.116(3) permissible exception to termination applies, we end our analysis here.[3]

**AFFIRMED.**

---

[2] The father raised a reasonable-efforts challenge at the termination hearing, but the mother did not.

[3] In passing, the mother states, "it is not in the best interest of her daughter to terminate parental rights." This passing statement does not constitute a sufficiently-developed argument. It does not present an issue for our review. *See E.H.*, 2021 WL 2709486, at *3 n.4; *In re K.M.*, No. 19-1637, 2020 WL 110408, at *3 n.6 (Iowa Ct. App. Jan. 9, 2020); *In re O.B.*, No. 18-1971, 2019 WL 1294456, at *2 (Iowa Ct. App. Mar. 20, 2019).